## Bernard Trust (No. 2)

*John M. Kurtz, Jr.*, for accountant.

*Edward S. Lower*, for exceptant.

MACELREE, P. J., July 22, 1958.—This account was called for audit January 2, 1958 . . .

Ellen P. Bernard, surviving spouse of settlor, and as such a claimant to a portion of the fund before the court, under date of July 15, 1957, filed a petition for citation to show cause why National Bank and Trust Company of Kennett Square, trustee under trust agreement of F. Bernard, should not file an account.

On that same date a citation was directed to issue.

On September 9, 1957, an answer was filed on behalf of the National Bank and Trust Company of Kennett Square, trustee.

By decree of the orphans' court of Chester County, dated October 22, 1957, (Bernard Trust 12 D. & C. 2d 780) the said trustee was ordered and directed to file an account.

Said account was duly filed November 21, 1957, was duly advertised for confirmation November 28, 1957, and called for audit January 2, 1958.

On December 31, 1957, prior to the date of audit, a suggestion of death was filed by Edward S. Lower, Esq., suggesting the death of the said Ellen P. Bernard, exceptant, on October 8, 1957, at Sioux Falls, S. D.

On December 31, 1957, objections to the first and final account of the trustee were filed by Edward S. Lower, Esq., attorney of record for the said Ellen P. Bernard, then deceased, on behalf of such fiduciary of her estate as might be appointed.

At the time of hearing, on May 1, 1958, counsel for the accountant moved that the exception be stricken from the record on the grounds that it was improperly filed and not on behalf of any party asserting any interest of record.

Subsequently thereto, on May 21, 1958, there was filed of record a "Statement of Substitution" in which it is averred as follows:

(a) Ellen P. Bernard was a party in interest in this proceeding and, on her petition, the trustee filed its account pursuant to an order in the Orphans' Court of Chester County, dated October 22, 1957.

(b) On October 8, 1957, the said Ellen P. Bernard died intestate, in Sioux Falls, S. D., which fact was not known to her counsel until October 28, 1957.

(c) That on December 31, 1957, counsel for Ellen P. Bernard, deceased, filed of record a suggestion of death and also filed objections to the said account of the trustee on behalf of such fiduciary of the estate of

Ellen P. Bernard, deceased, as might be appointed, there having been no fiduciary of said estate appointed as of that time.

(d) On May 5, 1958, the County Court of Minnehaha County, S. D., appointed Walter J. Pennock as special administrator of the estate of Ellen P. Bernard, deceased, and letters of special administration with respect to her estate were issued to the said Walter J. Pennock, as appears in an exemplified copy of the said letters, attached to the statement of substitution and incorporated therein by reference thereto.

(e) That by reason of the foregoing, Walter J. Pennock, special administrator of the estate of Ellen P. Bernard, deceased, is substituted as a party in interest in the within proceeding to the rights therein of the said Ellen P. Bernard.

Counsel for the accountant contend that assuming, for purposes of argument, Ellen P. Barnard had the requisite standing to press objections to the trustee's account, the objections are not properly made of record and not properly before the court for consideration inasmuch as the objections were made "on behalf of such fiduciary of the estate of Ellen P. Bernard, deceased, as may be appointed."

It is further contended that the objection as first filed is in violation of rule 70.1 of the Rules of Practice of the Orphans' Court of Chester County.

Counsel for the accountant have filed a comprehensive brief in support of these contentions.

The facts of the matter in brief are that the settlor's surviving spouse took proper steps to compel an accounting and having died shortly before said accounting was made, her counsel of record took steps in advance of the time of audit to file objections on behalf of a personal representative to be appointed for her, which said personal representative was subsequently appointed and now appears of record.

At the time the objections were filed there was in point of fact no existing personal representative of Ellen P. Bernard and counsel for her, instead of moving for a continuance of the matter until such time as a fiduciary could be appointed, acted, we believe, quite properly, on behalf of such a fiduciary to be appointed.

It is conceded by counsel for exceptant that the procedure was somewhat irregular, but was undertaken as a stopgap measure to protect the interests of a deceased client, whose death in the middle west had for some time been unknown to such counsel.

This court is of opinion that such a situation is provided for by section 2, rules 1 and 2, of the Supreme Court Orphans' Court Rules which provide, as follows:

Section 2, rule 1: "The rules adopted by the Supreme Court regulating the practice and procedure of the Orphans' Courts of this Commonwealth, and the rules adopted by such courts, shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest."

Section 2, rule 2: "The court, upon its own motion or the motion of any party, may extend any limitation of time prescribed by these rules."

Had counsel for the exceptant seen fit to invoke Rule 22, the court would have extended the time within which exceptions could be filed until such time as a personal representative had been appointed.

Having elected instead to subsequently file a statement of substitution, this court has permitted him to do so.

Such rights, if any, as Ellen P. Bernard had in the inter vivos trust, created by her husband, survive her as a decedent.

Within its realm the orphans' court is a court of equity, and among its historic functions is that of protecting the interests of those no longer able to protect their own interest.

This court is of opinion that to sustain the accountant's motion for technical reasons would violate the first of the rules of the Supreme Court, above noted, which contemplates that one of the primary purposes of the orphans' court is to secure just, speedy and inexpensive determination of every action disregarding any technical defect of procedure which does not affect the substantial rights of the parties in interest.

The rights of this accountant, a stakeholder, are not adversely affected by considering the exception filed in the form in which it was and later supplemented as though it had been filed within an extension of time, granted on behalf of the special administrator, subsequently appointed.

Accordingly, the motion on behalf of the accountant that the exception be stricken from the record is overruled. . . .